| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ARTHUR WEBSTER,<br><br>Defendant. | 07-CR-789 (JBW)<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2009 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United

1

States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On February 19, 2008, Arthur Webster pled guilty to a one-count indictment, which charged that on July 31, 2007, Webster, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, possessed a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c).

Webster was sentenced on March 25, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-five and defendant's criminal history category to be four, yielding a guidelines range of imprisonment of between 84 and 105 months. The offense carried a maximum term of life imprisonment. See 18 U.S.C. § 924(e). The fifteen-year mandatory minimum sentence under the Armed Career Criminal Act, id., did not apply to this defendant. The mandatory minimum sentence applies only when a defendant has three previous convictions for a "violent felony or a serious drug offense, or both." See id. Among the three prior felony convictions relied upon by the government was a retaliation crime against a witness, based

on a Florida state law, which was committed in 1992. See Fla. Stat. § 914.23(1) (1987). Webster pled guilty to a crime under this statute – to wit, that he:

> knowingly engage[d] in any conduct that causes bodily injury to another person *or damages the tangible property of another person*, or threatens to do so, with intent to retaliate against any person for . . . [t]he attendance of a witness or party at an official proceeding, or for any testimony given or any record, document, or other object produced by a witness in an official proceeding.

Id. (emphasis added). Violation of this state statute may be based on an act that would constitute a "violent felony" under section 924(e) – that is, "conduct that causes bodily injury to another person" – or an act that would *not* constitute a non-violent felony – that is, "conduct that . . . damages the tangible property of another person." See id. In considering defendant's guilty plea in the 1992 Florida case for purposes of the armed career criminal analysis, the sentencing court may review only the relevant statute, charging documents, plea agreement, hearing transcript in which the factual basis for the plea was confirmed by the defendant, and any explicit judicial findings. See Shepard v. United States, 544 U.S. 13, 16 (2005). The analysis requires the court to apply a "categorical approach" based on the "generic" nature of the relevant criminal statute, not the alleged acts themselves. See Chambers v. United States, 129 S.Ct. 687, 690-91 (2009). Police reports detailing the alleged criminal act may not be relied upon to determine the nature of conviction for purposes of analysis under the Armed Career Criminal Act. See United States v. Green, 480 F.3d 627, 632 (2d Cir. 2007) (applying Shepard). Here, the government cites a Jacksonville sheriff's police report, see Pre-Sentence Report, ¶ 33, to establish that the 1992 Florida retaliation conviction qualifies as a violent felony under section 924(e).

3

Without adequate support that the conviction at issue may be properly categorized as a violent crime, the plea must be assumed to have been taken for the least culpable of the crimes listed in the applicable statutory provision. The felony conviction under Fla. Stat. § 914.23(1) was therefore considered non-violent. Webster cannot be considered an armed career criminal; the mandatory minimum sentence did not apply.

Webster was sentenced to eighty-four months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious: defendant discharged a gun into the air while he was intoxicated, a highly irresponsible and dangerous act. Having committed other crimes in the past and having served considerable time in prison, defendant has expressed his commitment to leading a law-abiding life. Drug and alcohol treatment in prison will likely assist in his rehabilitation efforts. He has considerable family support that will help him avoid future criminal and potentially dangerous acts. A sentence at the bottom of the guidelines range reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that the illegal possession and use of guns will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. It is unlikely that he will engage in further criminal activity in light of his family circumstances, his acceptance of responsibility, and expressed commitment to making better choices and leading a productive life.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: April 14, 2009
Brooklyn, New York